UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACKIE NARDELLA,

      Plaintiff,                                  CASE NO.:

v.

ATLANTIC TNG, LLC, a Florida Limited
Liability Company, and MEGAN KITCHNER,
individually, jointly, and severally

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JACKIE NARDELLA ("Ms. Nardella" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, ATLANTIC TNG, LLC, a Florida Limited Liability Company ("TNG") and MEGAN KITCHNER ("MK") (collectively Defendants) and states as follows:

## JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201 et seq., hereinafter called the "FLSA"), the Family Medical Leave Act ("FMLA"), and the Florida Whistleblower Act ("FWA") to recover unpaid overtime wages, compensatory damages, lost wages, an additional equal amount as liquidated damages (under the FLSA and FMLA), and to obtain declaratory relief, and reasonable attorney's fees and costs.[1]

2.     The jurisdiction of the Court over this controversy is based upon 29 U.S.C.

---

[1] Plaintiff only is pursuing claims against MK individually with regard to the FLSA and FMLA claims.  The FWA claim is asserted against the corporate Defendant, TNG, only.

§216(b) and 29 U.S.C. § 2601, *et seq.* as to the federal claims, and this Court has supplemental

jurisdiction over the FWA as they arise out of a continuing series of illegal activities committed

by Defendant involving Plaintiff's employment.

3. This Court has the authority to grant declaratory relief pursuant to the FLSA,

FMLA, FWA, and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was and continues to be a resident of

Sarasota County, Florida.

5. At all times material hereto, Plaintiff worked for Defendants in Sarasota County,

Florida.

## FLSA, FMLA, AND FWA COVERAGE

6. Defendants are employers as defined by the FLSA in that Defendants, during all

times relevant and in each year during the relevant statute of limitations, grossed in excess of

$500,000.00 per year in revenue, and had employees regularly engaged in interstate and

intrastate commerce.

7. Defendants are employers as defined by the FMLA, in that Defendants, during

all times relevant and in each year during the relevant statute of limitations, employed fifty (50)

or more employees within a seventy-five (75) mile radius of where Plaintiff worked, and had

employees regularly engaged in interstate and intrastate commerce.

8. Defendant TNG employed in excess of ten (10) or more employees during

Plaintiff's employment, and is a covered employer as defined by the FWA.

9. Defendant MK was an owner and management level employee of TNG who

regularly had the authority and exercised such authority in, among other things: (a) managing and controlling TNG and its employees; (b) managing TNG's finances and personnel decisions such as hiring, firing, and determining rates of pay and hours worked by TNG employees; and (c) controlling the day to day operations of TNG; Defendant K, therefore, is an employer, as defined by the FLSA and FMLA.

10.     At all times relevant, and during each year of her employment, Plaintiff worked in excess of 1,250 hours per year.

11.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) both she, and her son, at different times in 2017 and 2018 suffered from serious health conditions as defined by the FMLA, which necessitated Plaintiff taking what would have been protected FMLA leave; (b) she was employed by Defendant for at least 12 months prior to necessitating FMLA leave on each ocassion; and (c) she worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

12.     At all times material hereto, Defendants were engaged in commerce, or the production of goods for commerce in that Defendants' office supplies, computer equipment, and telephones originated outside the State of Florida.

### STATEMENT OF FACTS

### FLSA FACTS

13.     Ms. Nardella worked for Defendants as an hourly paid Human Resources and Legal Compliance Manager from January 1, 2015, through April 2, 2019.

14.     From approximately October 2017, until approximately May 2018, Defendants

reclassified Plaintiff a "salary" paid employee; however, Defendants forfeited any such salary application when, on numerous occasions during the above time period, Defendants deducted pay from Plaintiff's "salary" when she worked partial days.

15.     Throughout Plaintiff's employment, Defendants regularly required Plaintiff to work outside of the office and after hours attending to work related matters at MK's direction.

16.     Defendants never tracked those hours (which were overtime hours), nor compensated Plaintiff for same, resulting in a violation of the FLSA.[2]

17.     Other than from February 2019, forward, Plaintiff was never paid overtime compensation for these additional off the clock hours worked at MK's direction.

18.     Plaintiff estimates that on average, she worked anywhere from five (5) to ten (10) off the clock overtime hours per week with MK's express knowledge, and at her direction/suggestion.

19.     Prior to Plaintiff's termination, Defendants failed to consult with an attorney specifically to determine whether Plaintiff's pay structure and job duties rendered her exempt under the FLSA.

20.     Prior to Plaintiff's termination, Defendants failed to consult with the Department of Labor, specifically to determine whether Plaintiff's pay structure and job duties rendered her exempt under the FLSA.

21.     Prior to Plaintiff's termination, Defendants failed to consult with an accountant specifically to determine whether Plaintiff's pay structure and job duties rendered her exempt

---

[2] In approximately February 2019, Defendants recognized the illegality of their pay practices and started paying Plaintiff for an extra five (5) hours per week for this additional time she was working, without regard to the actual hours Plaintiff was working off the clock.

4

under the FLSA.

## FMLA FACTS

22.     In 2017, Plaintiff suffered from a serious health condition, in that she necessitated FMLA time away from work due to suffering from complications from Lupus.

23.     Plaintiff specifically requested FMLA paperwork from MK, but MK refused to provide her with same, stating that FMLA wasn't necessary.

24.     Defendants' refusal in this regard, constitutes interference with the FMLA, in that, upon being placed on direct notice of Plaintiff's need for FMLA, Defendants refused to notify Plaintiff of her FMLA rights, and further refused Plaintiff to apply for FMLA protection, to ensure that she was afforded all available FMLA time that she needed to take to protect her job.

25.     Starting in November 2017, and lasting through approximately May 2018, Plaintiff's son fell very ill due to a serious medical condition.

26.     Plaintiff's son required recurring hospital visits and treatments that required Plaintiff to miss partial and full days from work to attend to same.

27.     Again, Plaintiff specifically requested that MK provide her with FMLA paperwork, to ensure that Plaintiff's employment, job status, and time away from work was protected.

28.     Again, MK refused to provide same and instructed Plaintiff that she was not to apply for FMLA.

29.     Defendants' refusal in this regard, again, constitutes interference with the FMLA, in that, upon being placed on direct notice of Plaintiff's need for FMLA, Defendants

refused to notify Plaintiff of her FMLA rights, and further refused Plaintiff to apply for FMLA protection, to ensure that she was afforded all available FMLA time that she needed to take to protect her job.

30.     At the time Plaintiff necessitated what should have been protected FMLA leave for her son's serious health condition, Defendant considered Plaintiff to be a "salaried" employee.

31.     As Plaintiff necessitated more time away from work, however, MK began to voice her displeasure with Plaintiff's attendance due to her son's medical issues and attending time away from work, and instructed Plaintiff that her attendance was problematic.

32.     MK's displeasure in this regard had the chilling effect of discouraging Plaintiff from availing herself of FMLA's protections and forcing her to work on occasions where, had she been FMLA protected and notified, she would have taken more and necessary time away from work as protected FMLA leave.

33.     Notwithstanding Plaintiff's efforts in this regard to put the needs of Defendants' business first, MK, in approximately May 2018, notified Plaintiff that as punishment for what should have been FMLA protected absences, they were demoting her from "salary" to hourly paid.  This move had the effect of Plaintiff, at varying times through the remainder of her employment, earning less money than had she not attempted to utilize FMLA, and not taking FMLA protected leave when she necessitated same.

34.     Defendants, through MK, intentionally and purposefully, acted with retaliatory intent in an effort to discourage Plaintiff from attempting to utilize FMLA as the law allows.

## FWA FACTS

35.     In March 2019, Plaintiff discovered that MK was attempting to engage in fraud and deception with regard to Defendants' workers' compensation reporting obligations under Florida law.

36.     Specifically, in direct violation of Section 448.107 (2), Florida Statutes, and Florida Administrative Code, Section 69L-6.015, Defendants were purposefully attempting to underreport and/or fraudulently report to their workers' compensation carrier, the actual and truthful identify and classification of subcontracted and unlicensed workers to avoid having to pay increased premiums for same.

37.     On March 29, 2019, Plaintiff notified MK, in writing, that she objected to the illegal practices described in Paragraph 36, above.

38.     Plaintiff's objection constitutes protected activity pursuant to Section 448.102(3), Florida Statutes.

39.     On April 1, 2019, MK, in writing, instructed Plaintiff to proceed with the filing of the illegal and fraudulent workers' compensation audit, despite her objections to same.

40.     On April 2, 2019, Plaintiff notified MK in writing at 9:32 am, that she refused to participate in Defendants' illegal and fraudulent audit, and that Defendants' workers' compensation documents were not in compliance with the law.

41.     Plaintiff's objection/refusal in this regard, likewise constitutes protected activity pursuant to Section 448.102(3), Florida Statutes.

42.     At 10:11 am the same day, MK read Plaintiff's objection/refusal, summoned Plaintiff to her office, and terminated her employment at 10:12 am.

43.     The timing between Plaintiff's objections/refusal, and her termination for same, establish a temporal nexus of causation between the two (2) events.

44.     Plaintiff was terminated for no reason other than her objections/refusal to Defendants' proposed and illegal activities described above.

45.     Defendants do not have a legitimate, non-retaliatory reason for Plaintiff's termination.

46.     Plaintiff has retained the law firm of CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION**
**(AGAINST ALL DEFENDANTS)**

47.     Plaintiff re-alleges and reavers paragraphs 1 through 6, 9, 12-21, and 46 of the Complaint, as if fully set forth herein.

48.     Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

49.     Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours based on Defendants' illegal deductions to her alleged "salary," and failure to properly record and/or account for, all hours worked outside of the office.

50.     At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA to ensure all of Plaintiff's hours worked were accounted for.

51.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at a rate of one

and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

52.     Defendants failed to properly disclose to, or apprise Plaintiff of, her rights under the FLSA.

53.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

54.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a.      Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week, as well as lost/back wages since the date of her termination;

b.      Awarding Plaintiff liquidated damages in an amount equal to the overtime and back wages award;

c.      Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.      Awarding Plaintiff pre-judgment interest;

e.      Awarding any and all relief that this Court deems proper under the FLSA.

## COUNT II
## FMLA INTERFERENCE
## (AGAINST ALL DEFENDANTS)

55.     Plaintiff re-alleges and re-avers paragraphs 1 through 5, 7, 9-12, 22-34, and 46 of the Complaint, as if fully set forth herein.

56.     At all times relevant hereto, Defendants interfered with Plaintiff's rights based on her attempt to use FMLA.

57.     At all times relevant hereto, Plaintiff's condition, and her son's condition, were serious health conditions as defined by the FMLA.

58.     At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

59.     Defendants interfered with Plaintiff for attempting to exercise her rights under the FMLA by discouraging and penalizing her for utilizing same.

60.     Defendants intended to interfere with Plaintiff for attempting to seek FMLA leave.

61.     As a result of Defendants' intentional, willful and unlawful acts against Plaintiff for attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

62.      As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

        a.     Declaring that Defendants' actions constitute a violation of the FMLA;

b.      Awarding Plaintiff damages arising out of Defendants' illegal actions in violation of the FMLA;

c.      Awarding Plaintiff liquidated damages in an amount equal to damages award;

d.      Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation;

e.      Awarding Plaintiff pre-judgment interest;

f.      Awarding any and all relief that this Court deems proper under the FMLA.

**COUNT III**
**FMLA RETALIATION**
**(AGAINST ALL DEFENDANTS)**

63.     Plaintiff re-alleges and re-avers paragraphs 1 through 5, 7, 9-12, 22-34, and 46 of the Complaint, as if fully set forth herein.

64.     At all times relevant hereto, Defendants retaliated against Plaintiff based on her attempt to use FMLA.

65.     At all times relevant hereto, Plaintiff's condition, and her son's condition, were serious health conditions as defined by the FMLA.

66.     At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

67.     Defendants retaliated against Plaintiff for attempting to exercise her rights under the FMLA.

68.     Defendants intended to retaliate against Plaintiff for attempting to seek FMLA leave.

69.     As a result of Defendants' intentional, willful and unlawful acts against Plaintiff for attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

70.     As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

      a.      Declaring that Defendants' actions constitute a violation of the FMLA;

      b.      Awarding Plaintiff damages arising out of Defendants' illegal actions in violation of the FMLA;

      c.      Awarding Plaintiff liquidated damages in an amount equal to damages award;

      d.      Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation;

      e.      Awarding Plaintiff pre-judgment interest;

      f.      Awarding any and all relief that this Court deems proper under the FMLA.

## COUNT IV
## VIOLATION OF THE FWA
## (AGAINST DEFENDANT TNG)

71.     Plaintiff re-alleges and re-avers paragraphs 1 through 5, 8, 13, and 35-46 of the Complaint, as if fully set forth herein.

72.     On April 2, 2019, Defendant TNG terminated Plaintiff in violation of Section 448.102 (3), Florida Statutes.

73.     Plaintiff was terminated for no reason other than Plaintiff objecting to illegal activity, or what she reasonably believed to be illegal activity, in violation of Section 448.102(3), Florida Statutes.

74.     Plaintiff objected to a violation of a law, rule, or regulation or what she reasonably believed to be a violation of a law, rule, and regulation (cited in Paragraph 36, above) by Defendant TNG, and was fired as a direct result of same, which constitutes a violation of the FWA.

75.     As a result of Defendant TNG's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant TNG for her actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as her costs and attorneys' fees, declaratory and injunctive relief and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated:  May 13, 2019

**By: /s NOAH E. STORCH**
Noah E. Storch, Esquire
Florida Bar No. 0085476
Email:       noah@floridaovertimelawyer.com
Richard D. Guadagnolo, Esq.
Florida Bar No.: 109104
E-mail: rich@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771

*Attorneys for Plaintiff*